UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK WALKER, | No. C 05-4011 MHP (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO; et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff, an inmate at the San Francisco County Jail, filed a <u>pro se</u> civil rights action for damages under 42 U.S.C. § 1983 alleging that defendants subjected him to excessive force in the jail on January 8, 2005. Defendants have moved to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure on the ground that plaintiff did not properly exhaust available administrative remedies under 42 U.S.C. § 1997e(a). Plaintiff filed an opposition. For the reasons discussed below, the court will grant the motion and dismiss the action.

## DISCUSSION

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002). All available remedies must be exhausted; those

remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. The PLRA exhaustion provision requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006).

Nonexhaustion under § 1997e(a) is an affirmative defense. Jones v. Bock, 127 S. Ct. 910, 919 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." Id. (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the inmate has not exhausted the jail's administrative process, the proper remedy is dismissal without prejudice. Id. Here, defendants properly used a Rule 12(b) motion to assert nonexhaustion.

The administrative remedy process available at the San Francisco County Jail has been in place since before January 2005 and is described in the Sheriff's Department written policy that provides a grievance process to inmates to allow redress of conditions related to confinement. With regard to complaints against staff, the administrative grievance process is simple. First, the inmate may use the general grievance form to file a complaint against staff. See Dyer Decl., Exh. A, p. 5. A grievance against staff is sent directly to the Facility Commander. The Facility Commander logs the grievance in a particular file and has seven days to respond to the grievance. "If the prisoner is not satisfied with the response given, the prisoner may appeal to the Custody Division Commander. [¶] The Custody Division Commander will have seven days to review the appeal. The appeal response will be sent to the Facility Commander and the prisoner." Id. at 6.

1     The San Francisco Sheriff's Department has no record of any relevant grievance from
2 Walker other than the one dated February 3, 2005.  The Sheriff's Department logs inmate
3 grievances and stores them.  The records of the relevant jails have been searched and the only
4 relevant grievance found was the February 3, 2005 grievance.  That grievance form also has
5 the Facility Commander's response dated February 8, 2005, on a different portion of the first
6 page.  The Sheriff's Department's files and records contain no records that Walker appealed
7 the Facility Commander's resolution of his February 3, 2005 grievance to the Custody
8 Division Commander.   Walker does not dispute that he did not submit his inmate grievance
9 to the Custody Division Commander.

10    The record shows that Walker prepared two inmate grievances concerning the alleged
11 staff misconduct.  His first grievance was misplaced by him or by jail staff on the day he
12 filled it out and Walker knew that fact when he submitted his second inmate grievance that
13 day. See Cauteruccio Decl., Exh. A.  That first grievance form did not exhaust any
14 administrative remedies; Walker knew that when he submitted his second grievance.  The
15 second inmate grievance, dated February 3, 2005, was responded to by the Facility
16 Commander.  That inmate grievance was not pursued any further than that level.  The inmate
17 grievance was not sent to the Custody Division Commander and therefore did not exhaust the
18 administrative remedies available to Walker.

19    Walker raises a couple of points in his opposition brief with regard to his non-
20 exhaustion.  He contends that he was not "offered any other recourse or appeal" and appears
21 to suggest that it was the Facility Commander's obligation to send the response to the
22 Custody Division Commander.  Opposition brief at 4, 6.  This is unpersuasive because the
23 written policy does not contemplate that the Facility Commander will automatically forward
24 his response for further review.  It also is contrary to common sense in that the Facility
25 Commander's response may satisfy the inmate and there would be no need to forward the
26 matter to the higher level as a matter of course.  And the written policy gives the obligation
27 to the prisoner, as it provides that "the prisoner may appeal" to the Custody Division
28 Commander.

3

Walker also argues that, because the "upheld grievance response" box is not checked in the Facility Commander's response, the response is incomplete and/or still under review. Opposition, p. 6. That argument fails. The absence of a check mark seems to mean that the grievance was rejected. That the absence of a check mark meant the grievance was rejected rather than that it was under review is confirmed by the Facility Commander's typed response that included the conclusion that "[a]t no time was inmate Walker 'physically abused' or 'beaten-up.'" Cauteruccio Decl. Exh. A. The typed response did not suggest that further review was in progress or contemplated. Even if Walker was correct that the absence of a check mark meant that the matter was still under review, he still would have a non-exhaustion problem because exhaustion requires a response at the highest level and not just the submission to the highest level of the administrative review system.

Walker did not send his inmate grievance on to the Custody Division Commander after the Facility Commander rejected it. Walker therefore did not exhaust his administrative remedies before filing this action. The action must be dismissed.

## CONCLUSION

Defendants' motion to dismiss for failure to properly exhaust available administrative remedies under 42 U.S.C. § 1997e(a) before filing suit is GRANTED. (Docket # 19.) Defendants' alternative motion for summary judgment is DISMISSED as unnecessary because the non-exhaustion can be decided on an unenumerated Rule 12(b) motion. (Docket # 19.) The action is DISMISSED. The clerk shall close the file.

Finally, the court notes that plaintiff sent several letters to the court. Plaintiff is cautioned that anything he wants the court to consider must be filed as a motion or opposition on pleading paper, and not in letter form. And any motion or opposition should be mailed to the clerk's office rather than addressed to the judge handling the case.

IT IS SO ORDERED.

Dated: May 16, 2007

_____
Marilyn Hall Patel
United States District Judge

4